## MEREDITH *vs.* NAISH.

1. This Court will not tolerate the swelling of a record, by the insertion of testimony, not necessary to show its application to exceptions in the cause.
2. Under a verbal sale, at a particular sum, of three distinct parcels of land, two of which are taken possession of, by the vendee, and a portion of the whole sum stipulated to be paid, received by the vendor; a right of action does not accrue in favor of the latter, to recover the balance of such sum, for the third parcel, not taken possession of, by the vendee—on the ground of an entire contract.
3. In such case, the refusal of the vendee to take one of the parcels of land, does not give the vendor an immediate right of action to recover the balance—the declaration showing that part of the consideration money was not due at the time of action brought—no proof of possession, or tender of a deed.
4. This Court, when a case is brought a second time before it, will not question the correctness of the law, under which it may have been first decided.

This action was assumpsit upon a verbal contract, for the sale of three adjoining half quarter sections of land; and was prosecuted in the County Court of Shelby, by Naish, against Meredith. The facts of the case were, that, in 1826, Naish sold to Meredith, by verbal contract, three half quarters of a section of land, for the sum of one thousand dollars—five hundred dollars payable on the 25th December, 1826, and five hundred dollars, on the 25th December, 1827. On the 6th August, 1826, Meredith, in pursuance of this contract, executed, two notes, each for the sum of four hundred dollars; and took possession of two of the parcels of land sold. There was, however, no proof possession, by Meredith, of the other half quarter of the section.

The action was commenced in February, 1827,

and the declaration contained general and special counts, upon the contract of sale, averring the indebtedness of the defendant, in the sum of two hundred dollars, the balance due thereon: and a verdict and judgment were rendered in favor of the plaintiff, on the plea of non-assumpsit.

On the trial of the cause, Meredith requested the the Court, to charge the jury, first—that evidence of the possession by Meredith, of the two half quarters of land sold, was not proof of possession of the third; but the Court charged, that if the contract was entire, possession of part of the land, was possession of all: secondly—that, to recover, the plaintiff should have proved actual possession, by the defendant, of the land; but the Court instructed, as above, that possession of part of the several tracts, was possession of all of them: thirdly—that if the evidence showed, that five hundred dollars were to be paid, on the 25th December, 1826, and five hundred dollars, on the 25th December, 1827, then no action lay for the latter sum, until after the 25th December, 1827. The Court, on this point, charged, that the plaintiff's right of action accrued when the defendant refused to comply with his contract.

The Court further, at the request of the plaintiff, charged the jury, expressly—

First----That if the contract, for the sale of the land, was an entire contract, and the defendant, under that contract, entered upon, and enjoyed the land, then the plaintiff was entitled to recover the balance of the purchase money.

Secondly—That, if the defendant refused to have one of the half quarters of land, and that fact was made known to the plaintiff, he was not compelled

to tender to the defendant, a deed before he commenced his action.

Thirdly----That, if the defendant refused to comply with his contract, the plaintiff had a right to sue, on such refusal.

Fourthly—That, if the original contract was for one thousand dollars, the taking the notes, subsequently, for eight hundred dollars, did not bar the plaintiff's right to recover the remaining two hundred dollars, unless a contract to that effect, had been proven.

The defendant excepted, and took a writ of error.

Argued by *Pickeus* and *Clark,* for the plaintiff in error—*Stewart contra.*

TAYLOR, J.—The record, in this case, contains the whole of the testimony, which was introduced in the Court below, whether it be applicable to any point made by the bill of exceptions, or not. This is incumbering the case with much useless matter, and greatly enhancing the costs. No more of the evidence should be inserted in the record, than is necessary, plainly and distinctly to show its application to the opinions excepted to.

It appears, from the record, that a verbal contract, was made between the parties, in August, 1826, by which the plaintiff in error agreed to purchase of the defendant, three half quarter sections of land, lying adjoining, at the price of one thousand dollars—one half to be paid on the 25th December, 1826, the other half on the 25th December, 1827 ; that, subsequently, Meredith executed his two notes, payable on those days, for four hundred dollars each, and recei-

ved titles, to two of the half quarter sections, of which he took actual possession. He never did actually occupy, or exercise acts of ownership, upon the third half quarter.

The suit is brought to recover the two hundred dollars, being the sum, which, in addition to that for which Meredith gave his notes, makes out the thousand dollars, first agreed to be given, for the whole of the land. No title has ever been executed or tendered by Naish, to Meredith.

The counsel for Meredith, upon the trial below, requested the Court to charge the jury, that to authorise Naish to recover, he must prove actual possession of the half quarter section, not conveyed—which was refused; but, on the contrary, the jury were told by the Court, that if the contract (of sale,) was entire, actual possession of the two half quarters, was actual possession of the other, also.

This charge was erroneous. To authorise a recovery of the purchase money of lands, sold by verbal contract, according to the opinion, given by this Court, in this case, when it was here before, there must have been actual possession and use, of each parcel of the land sold, to which no title was made.

That opinion proceeded upon the ground, that Chancery would decree a specific performance of the contract. But surely no such decree would be made, when nothing had been done by the purchaser, to improve the condition of the land—nor, even an entry made by him, upon it. This is not a case, in which the doctrine of constructive possession has any application.

We do not feel authorised even to question the correctness of a decision, when the case in which it

was made, is brought a second time before us, there-fore no examination is attempted of the authorities, which, it is insisted, conflict with the opinion given in this case, in 1830.

The counsel for Meredith also moved the Court, to charge the jury, that if they believed, from the evidence, that five hundred dollars was to be paid by Meredith, to Naish, on the 25th December, 1826, and five hundred on the 25th December, 1827, no action would lie for the sum not due before 25th December, 1827, until that day had passed.—— "Whereupon the Court charged the jury, that the plaintiff's right of action accrued, whenever the defendant refused to comply with his contract."

The suit was brought in February, 1827. It must be understood, that the Court refused to give the charge asked, which is last referred to. The reason for this refusal can not be perceived. There was no express agreement proved, that Meredith should execute his notes or give security for the one thousand dollars; if he had, and failed to do so, it is probable that the suit should have been brought on that contract, averring the breach; but this action is for the two hundred dollars, as so much money due on the agreement for the land, when at least a part of it is shown, by the declaration, not to have been due until some time after.

There is believed to have been error in this opinion of the Court. Under such a contract, no suit can be sustained without the tender of a title by the vendor, which does not appear to have been made. The judgment is reversed, and the cause remanded.